UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:23-cv-02378-FWS-DFM                                    Date: May 21, 2024
Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  Melissa H. Kunig  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                          Attorneys Present for Defendant:

Not Present                                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [14]**

Before the court is Plaintiff Rigoberto Guijosa Anaya's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). (Dkt. 14.) Defendant Altium Packaging, L.P. ("Defendant") opposes the Motion ("Opposition" or "Opp."). (Dkt. 21.) Plaintiff also filed a Reply ("Reply"). (Dkt. 22.) The court found this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **DENIES** the Motion.

**I. Background**

Plaintiff initiated this action in Orange County Superior Court on October 31, 2023. (Dkt. 1-2 ("Compl.").) In the Complaint, Plaintiff generally alleges that Defendant and Defendant Citistaff Solutions, Inc. discriminated against him based on a medical disability, failed to grant him a reasonable accommodation, and wrongfully terminated him from his position as a laborer/machine operator. (*See id.* ¶¶ 18-33.)

Based on these allegations, Plaintiff asserts six claims for relief, including discrimination, retaliation, failure to prevent discrimination and retaliation, failure to provide reasonable

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02378-FWS-DFM  Date: May 21, 2024

Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

accommodation, and failure to engage in good faith interactive process in violation of the California Fair Employment and Housing Act ("FEHA"), California Government Code §§ 12940 *et seq.*, as well as declaratory judgment and wrongful termination in violation of public policy. (*Id.* ¶¶ 71-96.) Plaintiff requests: "a money judgment representing compensatory damages," including "lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts"; "general damages for mental pain and anguish," "anguish," "emotional distress, and "loss of earning capacity"; injunctive relief; punitive damages; and attorneys' fees and costs. (*Id.*, Prayer for Relief.)

On December 15, 2023, Defendant removed pursuant to 28 U.S.C. § 1332. (*See* Dkt. 1.) In the Notice of Removal, Defendant alleges that Plaintiff is a citizen of California, Defendant is a citizen of Delaware and Georgia, the citizenship of Defendant Citistaff Solutions, Inc. should be disregarded pursuant to the doctrine of fraudulent joinder, and the amount in controversy exceeds $75,000. (*Id.* ¶¶ A-C.) Plaintiff filed the Motion on January 18, 2024. (Dkt. 14.)

## II. Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Diversity jurisdiction requires both complete diversity between the parties and an amount in controversy greater than $75,000. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02378-FWS-DFM                                                      Date: May 21, 2024

Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Removal statutes are 'strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'" *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024) (quoting *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). "A defendant seeking removal has the burden of establishing that removal is proper." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (citation omitted). A defendant's notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Because "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure," the defendant's "statement 'short and plain' need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87 (2014).

A plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack challenges "the form, not the substance" of the defendant's removal allegations by asserting the facts are "insufficient on their face to invoke federal jurisdiction." *Id.* Thus, the defendant need not respond to a facial attack with "competent proof" under a summary judgment-type standard. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020). By contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the pleadings." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). If the plaintiff mounts a factual attack, the defendant bears the burden of establishing the basis for removal jurisdiction by a preponderance of the evidence. *Harris*, 980 F.3d at 699. The plaintiff may rely solely on "a reasoned argument as to why any assumptions on which [defendant's numbers] are based are not supported by evidence." *Id.* at 700.

### III.     Discussion

#### A.     Motion to Remand

In the Motion, Plaintiff argues the case should be remanded to Orange County Superior Court because Defendant "failed to submit admissible, summary judgment-type evidence to

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02378-FWS-DFM                                                          Date: May 21, 2024

Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

meet their burden that the amount in controversy exceeds $75,000" and instead submitted "arguments . . . based on unsupported and inappropriate assumption." (*See* Mot. at 9-14.)

Defendant argues that Plaintiff misconstrues the burden of proof at remand because Defendant need not support its Notice of Removal with admissible evidence and that the Notice of Removal adequately alleges an amount in controversy greater than $75,000. (Opp. at 4-13.) In addition, Defendant argues that the motion should be denied because Plaintiff's counsel "violate[d] Local Rule 7-3 and this [c]ourt's Civil Standard Order, violate[d] counsel's Rule 11 obligations, and disregard[ed] controlling authority while seeking to mislead the [c]ourt by advancing arguments that cannot be asserted in good faith."[1] (*Id.* at 4-5.)

As a preliminary matter, the court agrees that Plaintiff misstates Defendant's burden of proof at removal. As discussed above, a defendant's notice of removal "need not contain evidentiary submissions" but only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84, 89; *Academy of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) ("[A] notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.") (quoting *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019)). Thus, the fact that Defendant did not include evidentiary submissions in its Notice of Removal is not grounds to remand.

---

[1] With limited exceptions not relevant here, Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days prior to the filing of the motion. L.R. 7-3. In this case, counsel for both Plaintiff and Defendant indicated that they met and conferred via telephone on January 4, 2024. (Mot. at 2; Dkt. 14-1 ¶ 3; Opp. at 4-5; Dkt. 21-1 ¶¶ 3-11.) Defendant argues that Plaintiff's counsel failed to comply with Local Rule 7-3 because Plaintiff's counsel had agreed to call Defendant's counsel back with additional legal authority in support of the Motion and failed to do so. (Opp. at 4-5; Dkt. 21-1 ¶¶ 3-11.) The court finds Plaintiff's counsel substantially complied with Local Rule 7-3 and thus declines to deny the Motion on that basis.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02378-FWS-DFM                                              Date: May 21, 2024

Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

The court construes Plaintiff's remaining arguments as a facial attack on the Notice of Removal's allegations because neither party submitted evidence in support of their Motion, (*see generally* Mot.; Opp.), and Plaintiff does not contest the veracity of Defendant's allegations. *See Leite*, 749 F.3d at 1121; *Harris*, 980 F.3d at 700. Because neither party disputes the existence of complete diversity between the parties, the court considers only whether the Notice of Removal adequately alleged the amount in controversy.

The amount in controversy is "the amount at stake in the underlying litigation" or "any result of the litigation . . . that entails a payment by the defendant" other than interest and costs. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Gonzalez v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). This amount includes "all relief acclaimed at the time of removal to which a plaintiff would be entitled if she prevails," *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018), such as "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes," *Gonzales*, 840 F.3d at 648-49. "Importantly, that '[a]mount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4t 989, 994 (9th Cir. 2022) (quoting *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020)).

"In determining the amount in controversy, courts first look to the complaint." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1446(a)). Here, Plaintiff does not plead any specific amount in controversy. (*See* Compl., Prayer for Relief.) In cases such as this one, where "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, 'the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.'" *Chavez*, 888 F.3d at 416 (quoting *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013)). The court may consider both the "allegations in the complaint and in the notice of removal" and "summary-judgment-type evidence relevant to the amount in controversy." *Id.* (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)). "Conclusory allegations as to the amount in controversy are insufficient." *Corral v. Select Portfolio Serv., Inc.*, 878 F.3d 770, 774 (9th Cir. 2017).

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:23-cv-02378-FWS-DFM | Date: May 21, 2024 |
| Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.* | |

    The court finds Defendant has adequately demonstrated that the amount in controversy exceeds $75,000. In the Complaint, Plaintiff requests economic damages, including lost wages, lost earnings, and "loss of earning capacity." (Compl., Prayer for Relief.) "In unlawful termination cases, courts commonly look to the value of the wages plaintiffs may have earned after they were terminated in evaluating the amount of backpay placed in controversy." *Leon-Calderon v. Old Dominion Freight Line, Inc.*, 2023 WL 1931328, at *2 (C.D. Cal. Feb. 10, 2023) (quotation marks omitted); *see also Walters v. Dollar Tree Distrib., Inc.*, 2022 WL 1449187, at *2 (E.D. Cal. May 9, 2022) ("Defendant is justified in including lost wages in its amount-in-controversy calculations, because it is an available remedy for FEHA violations.").

    In the Notice of Removal, Defendant calculates Plaintiff's monetary damages by referencing the allegations in the Complaint. Defendant notes that Plaintiff alleges his hourly wage was $22.50 and he was scheduled to work five days a week for eight to twelve hours each day. (Dkt. 1 ¶ 1(b) (citing Compl. ¶¶ 19, 25).) Defendant thus calculates Plaintiff's lost wages up to the time of removal as $56,025.00, by multiplying Plaintiff's hourly wage by the average number of monthly hours for an employee working forty hours a week, or 166 hours, and then multiplying this sum by fifteen months, or the time elapsed between Plaintiff's termination on September 2, 2022, and removal.[2] (*Id.*) Defendant further reasons that if Plaintiff remains unemployed until the time of trial, on average twenty-one months after the Complaint was filed in the Central District of California, Plaintiff will accrue another $78,435 in lost wages, for a total of $134,460.00. (*Id.* ¶ 1(c).) Thus, Plaintiff's claim for lost wages, alone, is sufficient to demonstrate an amount in controversy exceeding $75,000.

    The court may also consider Plaintiff's request for future earnings. "If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez*, 888 F.3d at 417; *see also Wysinger v. Auto. Club of S. Cal.*, 157 Cal. App. 4th 413, 424 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of

___

[2] ($22.50 * 166 * 2490) = $56,025.00

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02378-FWS-DFM　　　　　　　　　　　Date: May 21, 2024

Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

---

earnings."). In the Notice of Removal, Defendant notes that Plaintiff's claim for future wages is undefined but that Plaintiff will accrue future lost wages at a rate of $3,375 per month, and thus would accrue an additional $93,600 for two years of lost wages. (Dkt. 1 ¶ 1(d).) The court finds these allegations further suggest the amount in controversy, or "any result of the litigation . . . that entails a payment by the defendant," *Fritsch*, 899 F.3d at 793, exceeds $75,000.

Again, Plaintiff argues only that Defendant has failed to provide evidence substantiating these numbers. (*See* Mot. at 10-11.) But Plaintiff does not present any evidence or reasoned argument explaining why these numbers are too speculative. As discussed above, the court may properly consider the allegations of the Complaint and the Notice of Removal in assessing Plaintiff's facial attack on the amount in controversy. *Chavez*, 888 F.3d at 416. Because the allegations in the Complaint and the Notice of Removal demonstrate that Defendant's potential liability for Plaintiff's lost wages exceeds $75,000, the court determines that Defendant has met its burden as to the amount in controversy for purposes of subject matter jurisdiction. *See, e.g.*, *Leon-Calderon*, 2023 WL 1931328, at *2-3 (finding comparable calculations and reasoning sufficient to demonstrate an amount in controversy exceeding $75,000 in FEHA case); *Morales v. Quest Diagnostics Inc.*, 2023 WL 7089921, at *4 (C.D. Cal. Oct. 26, 2023) (finding the complaint and notice of removal's allegations regarding plaintiff's date of termination and hourly wage sufficient to establish that the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction). The court need not evaluate the remaining categories of damages Plaintiff requests, including emotional damages, attorney's fees, or punitive damages. The Motion is **DENIED**.

### B.　Defendant's Request for Sanctions

Defendant briefly requests sanctions pursuant to Federal Rule of Civil Procedure 11 because "Plaintiff knew that under controlling law, Defendant's removal notice did not need to include evidence." (Opp. at 4, 10.) Plaintiff does not address this request in its Reply. (*See generally* Reply.)

Rule 11(b) provides, in relevant part:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02378-FWS-DFM                              Date: May 21, 2024
Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

> By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11.

Rule 11(c)(1) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." However, "[t]he court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(A).

Applying Rule 11 "requires sensitivity to two competing considerations." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). "On the one hand, . . . on occasion attorneys engage in litigation tactics so vexatious as to be unjustifiable even within the broad bounds of our adversarial system, and ... neither the other parties nor the courts should have to abide such behavior or waste time and money coping with it." *Id.* Thus, "the central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "On the other hand, . . . our system of litigation *is* an adversary one, and . . . presenting the facts and law as favorably as fairly possible in favor of one's client is the nub of

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:23-cv-02378-FWS-DFM  Date: May 21, 2024

Title: Rigoberto Guijosa Anaya v. Altium Packaging, L.P. *et al.*

---

the lawyer's task." *United Nat'l Ins. Co.*, 242 F.3d at 1115. Thus, sanctions should be imposed "only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *Id.* (citation omitted).

The court notes that Plaintiff's counsel has been advised of the legal standard governing a notice of removal at least twice in the past six months. *See, e.g.*, *Pearson v. Walmart Assocs., Inc.*, 2024 WL 734481, at *2 (C.D. Cal. Feb. 21, 2024) ("Plaintiff's argument misstates the legal standard. Defendants are not required to submit 'summary judgment-type evidence' at the time of removal, as Plaintiff seems to contend. In fact, it appears that Plaintiff's counsel was recently informed of the proper legal standard in another case in this district but chose to again rely on the same incorrect argument before this Court."); *Gomez v. Old Dominion Freight Line*, 5:23-cv-02212-HDV-SHK, (C.D. Cal. Feb. 15, 2024), (Dkt. 19) ("Plaintiff's challenge to removal has one theme: that Defendant offers 'no evidence' in support of a supra-$75,000 amount in controversy but instead relies on 'mere speculation and conjecture.'"). The court is also troubled by Plaintiff's failure to cite recent Ninth Circuit decisions that run contrary to the arguments presented in the Motion. However, based on the current record before the court, including the limited arguments from counsel, the court, in its discretion, declines to impose sanctions under Rule 11 at this time. Defendant's request for sanctions is thus **DENIED**.

### IV. Disposition

For the reasons set forth above, the Motion is **DENIED**. Defendant's request for sanctions is also **DENIED**.

**IT IS SO ORDERED.**